### PHILLIPS and Another v. STEWART.

Section 15 of the act fixing the times of holding the Courts of Common Pleas, (Acts 1859, p. 84,) authorized a Court to be held in *Tippecanoe* county, in *December*, 1860, the law having gone into force in *October* of that year; and did not require that the Courts should begin, under that law, in the order of the months named, viz., *March*, *June* and *December*.

*Friday,*
*November* 29.

APPEAL from the *Tippecanoe* Common Pleas.

WORDEN, J.—Action by *Stewart* against the appellants, to foreclose a mortgage. Judgment for the plaintiff, for $2,317.64.

Two questions are raised: 1. Was the term of Court at which judgment was rendered authorized by law? 2. Had the Court jurisdiction of the amount?

The Court was held on *Monday, December* 3, 1860, in pursuance of § 15 of the act fixing the time of holding the Courts of Common Pleas, &c. Acts 1859, p. 84.

As this act did not take effect until *Oc'ober*, 1860, it is claimed that no Court could be held in *December* of that year, inasmuch as the statute names the times in the order of "*March,*" "*June*" and "*December.*" We are not inclined to adopt the construction contended for. It seems to us that the law authorized a term to be held in *December* following the time when the act took effect, although that term was the last named in the section fixing the terms of the Court. We see no sufficient reason for supposing that the Legislature intended a hiatus in the terms, from the time that act took effect until the next *March*. The term of the Court was, as we think, authorized by the statute.

That the Court had jurisdiction of the amount, has been settled in several cases. *Vide Lintz* v. *Hoyt et al.*, at the present term.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*R. C. Gregory*, for the appellant.

*D. Mace*, for the appellee.